IN THE CIRCUIT COURT OF THE FOURTH JUDICIAL CIRCUIT
IN AND FOR DUVAL COUNTY, FLORIDA

**RONALD CIRLINCIONE AND**　　　　　　　　　　**CASE NO.**
**DARLENE CIRCLINCIONE,**
**Husband and wife,**

　　　　**Plaintiffs,**

vs.

**THE BOEING COMPANY,**
**DELTA AIR LINES INC.,**
**ROLLS-ROYCE CORPORATION,**

　　　　**Defendants.**
**_____/**

## COMPLAINT AND DEMAND FOR JURY TRIAL

　　　　Plaintiff, Ronald Cirlincione, by and through the undersigned attorneys, sues Defendants, The Boeing Company, Delta Air Lines Inc., and Rolls-Royce Corporation and alleges as follows:

　　　　1.　　This is an action for damages which exceed $50,000.00 exclusive of attorney's fees and costs.

　　　　2.　　Plaintiff, Ronald Cirlincione, is a natural person residing in Columbia County, Florida and is otherwise *sui juris*.

　　　　3.　　At all time material to this action Plaintiffs Ronald Circlincione and Darlene Circlincione were and remain married.

　　　　4.　　At all times material to this action, Defendant, The Boeing Company (hereinafter "Boeing") and was a Florida profit corporation licensed to do business in the State of Florida.

5. At all times material to this action, Defendant, Delta Air Lines Inc., (hereinafter "Delta") was a foreign for-profit corporation licensed to do business in the State of Florida.

6. At all times material to this action, Defendant, Rolls-Royce Corporation, (hereinafter "Rolls-Royce") was a foreign for-profit corporation licensed to do business in the State of Florida.

7. At all times material hereto, Defendant Delta was the owner in possession of the Airplane with tail number N535US Delta (hereinafter the "Airplane").

8. At all times material hereto, Defendant Rolls-Royce sold, distributed, designed, manufactured, maintained, assembled, refurbished, and/or installed the engines on the Airplane (hereinafter the "Engines").

9. At all times material hereto, Defendant Boeing sold, distributed, designed, manufactured, maintained, assembled, refurbished, and/or installed the Airplane.

10. At all times material hereto, Defendant Delta sold, distributed, designed, manufactured, maintained, assembled, refurbished, and/or installed the Airplane.

11. On or about February 3, 2021, Plaintiff, Ronald Cirlincione, was inspecting one of the Airplane Engines with the core cowl door ajar and secured in-place. In other words, the Airplane and Engine were being used and inspected properly.

12. Suddenly, the Airplane malfunctioned sending the large, heavy metal "core cowl" crashing into Ronald Cirlincione's head and neck.

13. As a direct and proximate result of the malfunction Plaintiff Ronald Cirlincione suffered significant personal injuries.

**Count One:  Claim for Strict Liability as to Boeing**

Plaintiff, Ronald Cirlincione, sues Defendant Boeing and alleges:

14. Ronald Cirlincione realleges and incorporates paragraphs 1 through 13, above.

15. Defendant Boeing sold, distributed, designed, manufactured, maintained, assembled, refurbished, and/or installed the Airplane through its regular course of business.

16. At the time Boeing sold, distributed, designed, manufactured, maintained, assembled, refurbished, and/or installed the Airplane Boeing expected it to, and it did, reach users, including inspectors, such as Plaintiff, Cirlincione without substantial change in the condition it was when it left Boeing's control.

17. The defective condition of the Airplane was caused by its defective design and/or manufacture and/or inadequacy of warnings of the dangers of its use.

18. As a direct and proximate result of the Defendant's negligence, the Plaintiff, Ronald Cirlincione, has been caused to sustain injuries and the following past and future damages:

    a) Bodily injuries;

    b) Medical and related expenses, past and future, incurred in seeking a cure for his injuries;

    c) Pain and suffering;

    d) Loss of capacity to lead and enjoy a normal life;

    e) Mental anguish

    f) Physical impairment;

    g) Inconvenience;

h) Permanent injury within a reasonable degree of medical probability;

i) Disfigurement and scarring;

WHEREFORE, Plaintiff, Ronald Cirlincione, demands a trial by jury and a judgment against Defendant for an amount within jurisdictional limits of this court, to-wit: More than $50,000.00 and for such other relief to which Plaintiff may be justly entitled.

### Count Two:  Claim for Strict Liability as to Rolls-Royce

Plaintiff, Ronald Cirlincione, sues Defendant Rolls-Royce and alleges:

19. Ronald Cirlincione realleges and incorporates paragraphs 1 through 13, above.

20. Defendant Rolls-Royce sold, distributed, designed, manufactured, maintained, assembled, refurbished, and/or installed the Engines (and assembly) through its regular course of business.

21. At the time Rolls-Royce sold, distributed, designed, manufactured, maintained, assembled, refurbished, and/or installed the Engines (and assembly) Rolls-Royce expected it to, and it did, reach users, including inspectors, such as Plaintiff, Cirlincione without substantial change in the condition it was when it left Delta's control.

22. The defective condition of the Engine was caused by its defective design and/or manufacture and/or inadequacy of warnings of the dangers of its use.

23. As a direct and proximate result of the Defendant's negligence, the Plaintiff, Ronald Cirlincione, has been caused to sustain injuries and the following past and future damages:

a) Bodily injuries;

b) Medical and related expenses, past and future, incurred in seeking a cure for his injuries;

    c)    Pain and suffering;

    d)    Loss of capacity to lead and enjoy a normal life;

    e)    Mental anguish

    f)    Physical impairment;

    g)    Inconvenience;

    h)    Permanent injury within a reasonable degree of medical probability;

    i)    Disfigurement and scarring;

WHEREFORE, Plaintiff, Ronald Cirlincione, demands a trial by jury and a judgment against Defendant for an amount within jurisdictional limits of this court, to-wit: More than $50,000.00 and for such other relief to which Plaintiff may be justly entitled.

### Count Three: Claim for Strict Liability as to Delta

Plaintiff, Ronald Cirlincione, sues Defendant Delta and alleges:

24. Ronald Cirlincione realleges and incorporates paragraphs 1 through 13, above.

25. Defendant Delta sold, distributed, designed, manufactured, maintained, assembled, refurbished, and/or installed the Airplane through its regular course of business.

26. At the time Delta sold, distributed, designed, manufactured, maintained, assembled, refurbished, and/or installed the Airplane Delta expected it to, and it did, reach users, including inspectors, such as Plaintiff, Cirlincione without substantial change in the condition it was when it left Delta's control.

27. The defective condition of the Airplane was caused by its defective design and/or manufacture and/or inadequacy of warnings of the dangers of its use.

28. As a direct and proximate result of the Defendant's negligence, the Plaintiff, Ronald Cirlincione, has been caused to sustain injuries and the following past and future damages:

j) Bodily injuries;

k) Medical and related expenses, past and future, incurred in seeking a cure for her injuries;

l) Pain and suffering;

m) Loss of capacity to lead and enjoy a normal life;

n) Mental anguish

o) Physical impairment;

p) Inconvenience;

q) Permanent injury within a reasonable degree of medical probability;

r) Disfigurement and scarring;

WHEREFORE, Plaintiff, Ronald Cirlincione, demands a trial by jury and a judgment against Defendant for an amount within jurisdictional limits of this court, to-wit: More than $50,000.00 and for such other relief to which Plaintiff may be justly entitled.

### Count Four: Claim for Negligence as to Boeing

Plaintiff, Ronald Cirlincione, sues Defendant Boeing and alleges:

29. Ronald Cirlincione realleges and incorporates paragraphs 1 through 13, above.

30. Defendant, Boeing, owed the users of the subject Airplane a duty to use reasonable care in designing, manufacturing, distributing, and selling such Airplanes to the public.

31. It was foreseeable to the Defendant, Boeing, that if it designed, manufactured, distributed, and sold defective and unreasonably dangerous Airplanes with dangerous and unsafe components, users, including inspectors, of such Airplanes would be subjected to significant risk of severe personal injury or death. The Defendant breached its duty of care and was negligent in, at least, the following acts and omissions:

   a) by designing, manufacturing, distributing, and selling Airplanes that were unsafe for their intended purposes under foreseeable circumstances;

   b) by negligently causing to be placed in the stream of commerce, Airplanes that contain significant known hazards when they were used as they were intended;

   c) by negligently and carelessly failing to reasonably inspect and test the Airplanes to discover defects in them;

   d) by negligently and carelessly failing to warn users of these Airplanes of their defective and unreasonably dangerous condition when they were aware that such Airplanes constituted a significant safety hazard;

   e) by negligently failing to reasonably train, inform, and assist inspectors/mechanics in the dangers associated with the Airplanes, including the limitations of its core cowl door open rod, and the actual performance of such components;

   f) by negligently and carelessly advertising and marketing the open rod as a safe and stable way to examine/inspect the Engine;

   g) by negligently failing to notify consumers and inspectors as required by law, that a defect exists in their Airplane that relates to public safety.

32. As a direct and proximate result of the Defendant's negligence a large, heavy core-cowl door on the Airplane collapsed onto Ronald Cirlincione's head and neck area.

33. Accordingly, as a direct and proximate result of the Defendant's negligence, the Plaintiff, Ronald Cirlincione, has been caused to sustain injuries and the following past and future damages:

a) Bodily injuries;

b) Medical and related expenses, past and future, incurred in seeking a cure for his injuries;

c) Pain and suffering;

d) Loss of capacity to lead and enjoy a normal life;

e) Mental anguish

f) Physical impairment;

g) Inconvenience;

h) Permanent injury within a reasonable degree of medical probability;

i) Disfigurement and scarring;

WHEREFORE, Plaintiff, Ronald Cirlincione, demands a trial by jury and a judgment against Defendant for an amount within jurisdictional limits of this court, to-wit: More than $50,000.00 and for such other relief to which Plaintiff may be justly entitled.

### Count Five:  Claim for Negligence as to Delta

Plaintiff, Ronald Cirlincione, sues Defendant Delta and alleges:

34. Ronald Cirlincione realleges and incorporates paragraphs 1 through 13, above.

35. Defendant, Delta, owed the users of the subject Airplane a duty to use reasonable care in designing, manufacturing, distributing, and selling such Airplanes to the public.

36. It was foreseeable to the Defendant, Delta, that if it designed, manufactured, distributed, and sold defective and unreasonably dangerous Airplanes with dangerous and unsafe components, users, including inspectors, of such Airplanes would be subjected to significant risk of severe personal injury or death. The Defendant breached its duty of care and was negligent in, at least, the following acts and omissions:

- h) by designing, manufacturing, distributing, and selling Airplanes that were unsafe for their intended purposes under foreseeable circumstances;

- i) by negligently causing to be placed in the stream of commerce, Airplanes that contain significant known hazards when they were used as they were intended;

- j) by negligently and carelessly failing to reasonably inspect and test the Airplanes to discover defects in them;

- k) by negligently and carelessly failing to warn users of these Airplanes of their defective and unreasonably dangerous condition when they were aware that such Airplanes constituted a significant safety hazard;

- l) by negligently failing to reasonably train, inform, and assist inspectors/mechanics in the dangers associated with the Airplanes, including the limitations of its core cowl door open rod, and the actual performance of such components;

- m) by negligently and carelessly advertising and marketing the open rod as a safe and stable way to examine/inspect the Engine;

- n) by negligently failing to notify consumers and inspectors as required by law, that a defect exists in their Airplane that relates to public safety.

37. As a direct and proximate result of the Defendant's negligence a large, heavy core-cowl door on the Airplane collapsed onto Ronald Cirlincione's head and neck area.

38. Accordingly, as a direct and proximate result of the Defendant's negligence, the Plaintiff, Ronald Cirlincione, has been caused to sustain injuries and the following past and future damages:

j)   Bodily injuries;

k)   Medical and related expenses, past and future, incurred in seeking a cure for his injuries;

l)   Pain and suffering;

m)   Loss of capacity to lead and enjoy a normal life;

n)   Mental anguish

o)   Physical impairment;

p)   Inconvenience;

q)   Permanent injury within a reasonable degree of medical probability;

r)   Disfigurement and scarring;

WHEREFORE, Plaintiff, Ronald Cirlincione, demands a trial by jury and a judgment against Defendant for an amount within jurisdictional limits of this court, to-wit: More than $50,000.00 and for such other relief to which Plaintiff may be justly entitled.

### Count Six: Claim for Negligence as to Rolls-Royce

Plaintiff, Ronald Cirlincione, sues Defendant Rolls-Royce and alleges:

39. Ronald Cirlincione realleges and incorporates paragraphs 1 through 13, above.

40. Defendant, Rolls-Royce, owed the users of the subject Engine a duty to use reasonable care in designing, manufacturing, distributing, and selling such Engines to the public.

41. It was foreseeable to the Defendant, Delta, that if it designed, manufactured, distributed, and sold defective and unreasonably dangerous Engines with dangerous and unsafe components, users, including inspectors, of such Engines would be subjected to significant risk of severe personal injury or death. The Defendant breached its duty of care and was negligent in, at least, the following acts and omissions:

    a) by designing, manufacturing, distributing, and selling Engines that were unsafe for their intended purposes under foreseeable circumstances;

    b) by negligently causing to be placed in the stream of commerce, Engines that contain significant known hazards when they were used as they were intended;

    c) by negligently and carelessly failing to reasonably inspect and test the Engines to discover defects in them;

    d) by negligently and carelessly failing to warn users of these Engines of their defective and unreasonably dangerous condition when they were aware that such Airplanes constituted a significant safety hazard;

    e) by negligently failing to reasonably train, inform, and assist inspectors/mechanics in the dangers associated with the Engines, including the limitations of its core cowl door open rod, and the actual performance of such components;

    f) by negligently and carelessly advertising and marketing the open rod as a safe and stable way to examine/inspect the Engine;

    g) by negligently failing to notify consumers and inspectors as required by law, that a defect exists in their Engines that relates to public safety.

42. As a direct and proximate result of the Defendant's negligence a large, heavy core-cowl door on the Engine collapsed onto Ronald Cirlincione's head and neck area.

43. Accordingly, as a direct and proximate result of the Defendant's negligence, the Plaintiff, Ronald Cirlincione, has been caused to sustain injuries and the following past and future damages:

   a) Bodily injuries;

   b) Medical and related expenses, past and future, incurred in seeking a cure for his injuries;

   c) Pain and suffering;

   d) Loss of capacity to lead and enjoy a normal life;

   e) Mental anguish

   f) Physical impairment;

   g) Inconvenience;

   h) Permanent injury within a reasonable degree of medical probability;

   i) Disfigurement and scarring;

WHEREFORE, Plaintiff, Ronald Cirlincione, demands a trial by jury and a judgment against Defendant for an amount within jurisdictional limits of this court, to-wit: More than $50,000.00 and for such other relief to which Plaintiff may be justly entitled.

### Count Seven: Loss of Consortium as to Boeing

44. Plaintiff, Darlene Circlincione, realleges the allegations 1 through 13 and further alleges:

45. Plaintiffs allege they were and remain husband and wife.

46. Plaintiff, Darlene Circlincione, has lost the care, support, comfort, society, and consortium, of Plaintiff, Ronald Circlincione, and these losses are either permanent or continuing in nature.

WHEREFORE, Plaintiff, Darlene Cirlincione, demands a trial by jury and a judgment against Defendant for an amount within jurisdictional limits of this court, to-wit: More than $50,000.00 and for such other relief to which Plaintiff may be justly entitled.

### Count Eight: Loss of Consortium as to Boeing

47. Plaintiff, Darlene Circlincione, realleges the allegations 1 through 13 and further alleges:

48. Plaintiffs allege they were and remain husband and wife.

49. Plaintiff, Darlene Circlincione, has lost the care, support, comfort, society, and consortium, of Plaintiff, Ronald Circlincione, and these losses are either permanent or continuing in nature.

WHEREFORE, Plaintiff, Darlene Cirlincione, demands a trial by jury and a judgment against Defendant for an amount within jurisdictional limits of this court, to-wit: More than $50,000.00 and for such other relief to which Plaintiff may be justly entitled.

### Count Nine: Loss of Consortium as to Boeing

50. Plaintiff, Darlene Circlincione, realleges the allegations 1 through 13 and further alleges:

51. Plaintiffs allege they were and remain husband and wife.

52. Plaintiff, Darlene Circlincione, has lost the care, support, comfort, society, and consortium, of Plaintiff, Ronald Circlincione, and these losses are either permanent or continuing in nature.

WHEREFORE, Plaintiff, Darlene Cirlincione, demands a trial by jury and a judgment against Defendant for an amount within jurisdictional limits of this court, to-wit: More than $50,000.00 and for such other relief to which Plaintiff may be justly entitled.

**DEMAND FOR JURY TRIAL**

Plaintiffs hereby demand a jury trial for the claims alleged herein.

**Respectfully Submitted,**

/s/ *Matthew Carrillo*
The Law Firm of
Carrillo & Carrillo, P.A.
Mathew Carrillo, Esq.
4707 NW 53rd Avenue, Suite A
Gainesville, FL 32653
Telephone: (352) 371-4000
matt@carilloinjurylaw.com
Florida Bar No. 0055511

/s/ *Landon Stinson*
Beacon Legal PLLC
Landon D. Stinson, Esq.
Florida Bar No. 1018971
landon@beacon.legal
(352) 415-4571
2630-A NW 41 St.
Gainesville, FL 32606